**CASCADIA WILDLANDS PROJECT; National Forest Protection Alliance; Klamath Forest Alliance; Siskiyou Regional Education Project, Plaintiffs–Appellants,**

v.

**Linda GOODMAN; Scott Conroy; United States Forest Service, Defendants–Appellees,**

**American Forest Resource Council, an Oregon corporation; Silver Creed Timber Company, Inc., an Oregon corporation, Defendant–Intervenors–Appellees.**

No. 06–35623.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 18, 2006.

Filed Nov. 1, 2006.

Marianne G. Dugan, Attorney at Law, Eugene, OR, Lauren C. Regan, for plaintiffs-appellants.

Lisa E. Jones, Esq., DOJ—U.S. Department of Justice, Environment & Natural Resources Division, Washington, DC, Stephen J. Odell, Esq., USPO—Office of the U.S. Attorney Mark O. Hatfield, U.S. Courthouse, Portland, OR, for defendants-appellees.

Scott W. Horngren, Esq., Julie A. Weis, Esq., Haglund Kirtley Kelley Horngren & Jones, LLP, for defendant-intervenors-appellees.

Before: D.W. NELSON, THOMPSON, and PAEZ, Circuit Judges.

## MEMORANDUM *

Cascadia Wildlands Project, National Forest Protection Alliance, Wildwest Institute, Klamath Forest Alliance, and Siskiyou Regional Education Project (collectively Appellants) appeal the denial of their motion for a preliminary injunction to halt the Mike's Gulch and Blackberry timber sales in the Rogue River–Siskiyou National Forest, pending a ruling on the merits of their suit to compel the Forest Service to prepare a Supplemental Environmental Impact Statement (SEIS) before proceeding with the planned sales.[1] We have interlocutory jurisdiction under 28 U.S.C. § 1292(a)(1), and we affirm.

Our review of a district court's denial of preliminary injunctive relief is for abuse of discretion. *Earth Island Inst. v. United States Forest Serv.*, 351 F.3d 1291, 1298 (9th Cir.2003). A district court abuses its discretion when it bases its decision on an erroneous legal standard or clearly erroneous factual findings. *Walczak v. EPL Prolong, Inc.*, 198 F.3d 725, 730 (9th Cir.1999).

The district court concluded that Appellants had not demonstrated the requisite combination of probable success on the merits and sufficient threat of irreparable injury. Moreover, even if it might be said that this case presents serious questions, the district court found that the balance of hardships did not tip in favor of the Appellants, and we cannot conclude otherwise at this time. Because we cannot say that the district court abused its discretion in

reaching its determination, we affirm the order denying the preliminary injunction.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. Subsequent to Appellants' filing their complaint in district court, the American Forest Resource Council and Silver Creek Timber Company, Inc., successfully intervened as defendants-intervenors and are referred to as Intervenors–Appellees.

